# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:17CR00020-007 |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **WALTER L. SEXTON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for United States; John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentence by this court, has filed a motion by counsel seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

## I.

Sexton was sentenced by this court on March 21, 2018, after pleading guilty to conspiring to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was determined to have a sentencing guideline range of 87 months to 108 months, based on a total offense level of 29 and a criminal history category of I, and the court sentenced him to 87 months imprisonment. His present projected release date is June 26, 2024, with a halfway house eligibility date of December 26, 2023. Sexton has been diagnosed as pre-diabetic, and he continues to receive treatment for an old back injury and GERD symptoms while incarcerated. Presentence Investigation Report (PSR) ¶ 308, ECF No. 545; Bureau of Prisons Health Services Clinical Encounter 1, ECF No. 842. Sexton is incarcerated at FCI Beckley, in Beaver, West Virginia.

Sexton requested compassionate release from the Bureau of Prisons on April 25, 2020, on the grounds that he was 68-years old, with high blood pressure, "high sugar," arthritis, and "had cancer and surgery 30-months ago." Mot. 3, ECF No. 830. On May 4, 2020, Sexton filed with the court a pro se motion for compassionate release based on his health conditions. The court appointed the Federal Public Defender for this District to represent Sexton and granted leave to file a supplemental

motion. In the supplemental motion filed by counsel on May 19, 2020, it was argued that his health conditions may be negatively impacted by the coronavirus.

In its response filed May 21, 2020, the United States argued that Sexton had not exhausted his administrative remedies because he filed his compassionate release motion under § 3582(c)(1)(A) before 30 days had lapsed from his request to the Warden. The government also noted that the Bureau of Prisons had no record of the alleged request. It contended that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection, and Sexton's health conditions do not create exceptional circumstances to warrant a sentence reduction.

In a reply filed by counsel, Sexton reiterated that the combination of his health conditions with his age increases his risks of contracting COVID-19 if he becomes infected with the coronavirus, which amounts to extraordinary and compelling reasons to reduce his sentence and release him to his elderly mother. The government filed a supplemental response on May 29, 2020, in which it claimed that the Warden had concurred with an internal assessment that Sexton does not meet the criteria for a reduction in sentence. The government did not supply a copy of the Bureau of Prisons memorandum, and there is no evidence that the Warden made this decision within 30 days of April 25, 2020.

II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). While exhaustion of administrative remedies here is not a jurisdictional issue,[1] it is a mandatory condition that when "properly invoked . . . must be enforced." *Hamer v. Neighborhood Hous. Servs. of Chi.,* 138 S. Ct. 13, 17 (2017).

Thirty days have now elapsed since the BOP received Sexton's compassionate release request on April 25, 2020, and there is no evidence that the Warden responded within 30 days. Therefore, Sexton's request is ripe for my consideration. The U.S. Sentencing Guidelines Manual ("USSG") advises that a court should

---

[1] In considering § 3582(c)(2), a separate subsection setting forth another exception to the rule that a district court may not modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence does not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 274–75 (4th Cir. 2017) (holding that "[t]he Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)). I find this reasoning persuasive as to the sister exception contained in § 3582(c)(1)(A).

consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the Sentencing Commission's policy statement. USSG § 1B1.13.

Sexton is now 66 years old.[2] He graduated high school and later obtained a number of electrical work certifications. Sexton intends to reside with his elderly mother at his home in Galax, Virginia, if he is released. Although Sexton plans to care for her, his mother has numerous health problems that put her at risk if she becomes infected with the coronavirus. Sexton has a limited criminal history, specifically unlawful possession of a gun and assault. He has followed prison disciplinary rules while incarcerated. Sexton has a long substance abuse history. He started with marijuana and eventually expanded to cocaine, pain pills, and methamphetamine. Pretrial services reported that Sexton failed to comply with the court-ordered conditions of release when he tested positive for methamphetamine use although he was otherwise compliant. His prison medical records do not corroborate serious medical problems. His most recent medical examination, on May 5, 2020, indicated that his GERD symptoms were satisfactorily controlled by medication, while he did have complaints of back and other orthopedic pain. His

---

[2] Not 68 as alleged in his pro se motion. PSR 3, ECF No. 545.

hemoglobin A1c test showed him to be pre-diabetic, and he was "counseled extensively on diet." Suppl. Mot. Ex. 3, Bureau of Prisons Health Services Clinical Encounter 1, ECF No. 842. These records do not appear to make him particularly vulnerable to Covid-19.

The facts supporting his conviction are serious in nature. Sexton was involved in a large scale, multi-state drug distribution organization of ice methamphetamine, also known as "crystal meth." Sexton was not a high-level dealer, but there is evidence that he was a middle-man supplier for street-level dealers. It was stipulated in his Plea Agreement that Sexton was accountable for at least 500 grams of ice methamphetamine, although the PSR found him accountable for "at least 765.45 grams of Ice methamphetamine." PSR ¶ 113, ECF No. 545. He has served less than one-third of his 87-month sentence.

Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Sexton is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 830, is DENIED.

ENTER: June 10, 2020

/s/ JAMES P. JONES
United States District Judge